**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RAYMOND STUPKA,**<br><br>*Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>*v.*<br><br>**PET PALACE ENTERPRISES, LLC**<br>c/o Statutory Agent<br>OLR BIZ Agency<br>35 N. 4th St., Suite 100<br>Columbus OH 43215<br><br>*and*<br><br>**DESTINATION PET, LLC**<br>C T Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus OH 43219<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**<br><br>***(Jury Demand Endorse Hereon)*** |

Plaintiff Raymond Stupka, *on behalf of himself and all others similarly situated*, for his Class and Collective Action Complaint ("Complaint") against Defendants Pet Palace Enterprises, LLC and Destination Pet, LLC (hereinafter also referred to as "Pet Palace" or "Defendants"), states and alleges the following:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all

covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay employees all tips received by its employees for any purposes. 29 U.S.C. § 203(m)(2)(B). Ohio statutory law further required the payment of wages and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4113.15, 2307.60. Plaintiff brings this case on his own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendants' violations of these laws, as is more fully set forth herein.

2. With Count One of this Complaint, Plaintiff seeks to prosecute his FLSA claims as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated … [who] gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" on behalf of himself and such other members of a class of persons who subsequently file consents to join the action, as is more specifically defined below (the "FLSA Collective").

3. With Counts Two, Three, and Four of this Complaint, Plaintiff brings claims as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under O.R.C. §§ 4113.15, 2307.60, and Ohio common law unjust enrichment, as is more specifically defined below (the "State Law Class").[1]

4. Plaintiff, on his own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, exemplary, and punitive damages, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

[1] Some members of the FLSA Collective may also be members of the State Law Class, as both are defined hereinafter, as is the Named Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because, during the relevant time period, one or more of the Defendants reside in this District and Division, and/or has their principal place of business and headquarters in this District.

## PARTIES

8. Plaintiff Stupka is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Stupka has completed an "Opt-In Consent Form," which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

9. Defendant Pet Palace Enterprises, LLC is a Delaware for-profit limited liability company. According to records maintained by the Ohio Secretary of State, Defendant Pet Palace Enterprises, LLC's Statutory Agent for service of process is OLR BIZ Agency, 35 N. 4th St., Suite 100, Columbus OH 43215.[2]

10. Defendant Destination Pet, LLC is a Delaware for-profit limited liability company. According to records maintained by the Ohio Secretary of State, Defendant Destination Pet, LLC's Statutory Agent for service of process is C T Corporation System, 4400 Easton Commons Way, Ste. 125, Columbus OH 43219.[3]

## FACTUAL ALLEGATIONS

---

[2] https://businesssearch.ohiosos.gov?=businessDetails/1572809 (last accessed Aug. 7, 2025).
[3] https://businesssearch.ohiosos.gov?=businessDetails/4983013 (last accessed Aug. 7, 2025).

**Defendants' Business and Defendants' Status as an Employer**

11. Pet Palace Enterprises, LLC, *doing business as* "Pet Palace" and "Pet Palace Resorts," is a chain of "Dog Boarding, Cat Boarding, Doggie & Cat Daycare, Grooming, Luxury Pet Boarding, and Customer Service" facilities that has locations in Ohio, Indiana, North Carolina, and Pennsylvania.[4]

12. Pet Palace's principal place of business and headquarters is located in Delaware, Ohio.[5]

13. In approximately June 2023, Pet Palace Enterprises, LLC was acquired by Destination Pet.[6]

14. Defendants utilize and employ employees, including Plaintiff, and the members of the FLSA Collective and State Law Class, who provide pet boarding, daycare, and grooming and related services in furtherance of their business purposes.

15. Defendants are each an "employer" of Plaintiff, and the members of the FLSA Collective and the State Law Class, within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, including O.R.C. § 4113.15.

16. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

17. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have

---

[4] *See* https://www.linkedin.com/company/pet-palace (last accessed Aug. 7, 2025).
[5] *See id.* (noting "Headquarters[:] Delaware, Ohio") (last accessed Aug. 7, 2025).
[6] https://www.smartbusinessdealmakers.com/articles/topic/destination-pet-acquires-pet-palace/ (last accessed Aug. 7, 2025).

employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

19. At all times relevant, Defendants were employers of Plaintiff, the members of the FLSA Collective, and the State Law Class, as Defendants exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

**Plaintiff's and the Members of the FLSA Collective's and the State Law Class's Employment Statuses with Defendant**

20. Plaintiff Stupka was employed by Defendants from approximately 2021 to May 2025 as a non-exempt employee. Plaintiff Stupka's most recent job title was a non-exempt shift lead, and previously worked as a pet care specialist.

21. At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, including O.R.C. § 4113.15.

22. At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206, 207.

**Defendants' Unlawful Retention of Employee Tips**

23. The FLSA mandates that all tips received by an employee are the property of that employee. 29 U.S.C. § 203(m)(2)(B). The law expressly prohibits an employer from keeping any

portion of an employee's tips for any purpose. 29 U.S.C. § 203(m)(2)(B). Specifically, the FLSA provides that "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B); *see also* 29 C.F.R. § 531.52 (explicitly stating that employers "may not keep tips received by its employees for any purposes."). These requirements ensure that wages are paid "free and clear" and that wages, such as tips, are not used as an illegal "kick-back" to the employer. *See* 29 C.F.R. § 531.35.

24. Plaintiff and members of the FLSA Collective and the State Law Class regularly received tips from customers for services provided.

25. Although Plaintiff and members of the FLSA Collective and the State Law Class received tips from customers, Defendants failed to pay them the full amount of all tips received. Instead, Defendants unlawfully kept a portion of the tips earned by Plaintiff and the members of the FLSA Collective and the State Law Class.

26. Instead of ensuring Plaintiff and the members of the FLSA Collective and State Law Class received all tips they had earned, Defendants used a portion of these tips for their own business purposes. This unlawful retention of tips resulted in Plaintiff and the class members being paid less than they were lawfully owed.

27. Defendants shortchanged their employees by unlawfully retaining tips that were the rightful property of the employees, in direct violation of the FLSA. 29 U.S.C. § 203(m)(2)(B).

28. Defendants' failure to remit all tips to Plaintiff and members of the FLSA Collective and the State Law Class violates the FLSA's clear requirement that tips are the property of the employee.

29. Defendants' pay practices were the result of systematic and companywide policies originating at the management/directorial level to unlawfully retain a portion of employee tips.

30. Defendants' failure to pay all tips as required resulted from knowing or reckless executive/directorial decisions. By unlawfully retaining tips earned by Plaintiff and members of the FLSA Collective and the State Law Class, Defendants' acts were not based upon good faith. Defendants knew, or acted in reckless disregard of, their obligations under the FLSA to ensure employees retain all tips.

31. Defendants, through their supervisors, directors, and managers, knew that they were retaining tips that were the property of Plaintiff and members of the FLSA Collective and the State Law Class, and thus Defendants' actions were deliberate and willful within the meaning of the FLSA.

32. Defendants consistently, willfully, and intentionally failed to pay Plaintiff and members of the FLSA Collective and the State Law Class all tips they had received, as required by law. 29 U.S.C. § 203(m)(2)(B). Defendants' failure to compensate Plaintiff and members of the FLSA Collective and the State Law Class for the full amount of their tips violates the FLSA.

**Defendants' Unjust Enrichment**

33. Furthermore, Defendants were unjustly enriched by the retention of tips that were earned by and that rightfully belong to Plaintiff and the State Law Class. Defendants were unjustly enriched in that they induced Plaintiff and the State Law Class to perform work for the benefit of Defendants and retained the benefit of this work – specifically the tips generated by them – without having fully paid for the same.

34. After the work was performed and customers paid tips in recognition of that service, Defendants, through their unlawful policies and practices, retained a portion of those

tips. Plaintiff and the State Law Class were ultimately not paid the full amount of their earned tips as a result of Defendants' unlawful tip retention policy.

35. Although Plaintiff and the State Law Class satisfied all requirements to be paid their tips – by virtue of performing the work for which the tips were generated – they were not paid the full amount of tips they were entitled to receive.

36. Defendants were unjustly enriched from Plaintiff and the State Law Class by failing and/or refusing to pay all earned tips, which constitute wages under the law.

37. Plaintiff and the State Law Class reasonably expected to be paid the full amount of all tips they earned through their labor.

38. However, while Defendants knew that Plaintiff and the State Law Class earned these tips, Defendants nevertheless failed to pay them in full because of their improper policy of tip retention, resulting in less compensation paid than compensation earned and owed.

39. Defendants benefited from the fruits of Plaintiff's and the State Law Class's labor. Not only did Defendants benefit by wrongfully retaining the actual monies that should have been paid to Plaintiff and the State Law Class as tips, but Defendants also used these funds to subsidize their own business expenses such as employee concessions, increase profits, increase payments to executive employees, and increase their ability to compete in the marketplace, all by using the unpaid tips in furtherance of their business purposes.

40. Allowing Defendants to retain the benefits provided by Plaintiff and the State Law Class under the circumstances presented as outlined above is demonstrably unjust.

41. As a direct and proximate result of Defendants' unjust enrichment described herein, Plaintiff and the State Law Class have been damaged in an amount to be determined at trial, including but not limited to the full value of all tips unlawfully retained by Defendants.

## **The Willfulness of Defendants' Violations**

42. In addition to the above allegations demonstrating the willfulness of Defendants' wage violations, Defendants knew or should have known, as a substantial employer, in accordance with their obligations under the FLSA and Ohio State law, that their workers, including Plaintiff and the members of the FLSA Collective and the State Law Class, were entitled to retain all tips they received under federal and state law.

43. By denying Plaintiff, and the members of the FLSA Collective and the State Law Class, the full amount of their earned tips as required by the FLSA, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring that employees retain all tips, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required.

44. Defendants knew about the tip retention prohibitions of the FLSA and failed to comply with them or acted in reckless disregard as to their obligations under these laws in failing to comply with them.

45. Moreover, Defendants' obligation to ensure employees were paid all tips earned was clearly known by Defendants, but was nonetheless willfully and intentionally disregarded.

46. Inasmuch as Defendants' violation of the FLSA was willful within the meaning of the FLSA, Plaintiff and the members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid tips, pursuant to 29 U.S.C. § 260.

47. In addition, Plaintiff and the members of the State Law Class are entitled to recovery under Ohio's law providing for recoverable damages in this civil action for damages for criminal acts, O.R.C. § 2307.60.

## FLSA COLLECTIVE ALLEGATIONS (As to COUNT ONE)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff brings this case on behalf of a group of employees of Defendants (the "FLSA Collective") who assert claims under the tip provisions of the FLSA in this case by filing consent forms to join this action, comprised of:

> **All current and former employees of Defendants during the period of three years preceding the commencement of this action to the present who were not paid the full amount of all tips.**[7]

50. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of retaining employee tips, and all have the same claims against Defendants for unpaid tips as well as for liquidated damages, attorneys' fees, and costs.

51. Plaintiff and the members of the FLSA Collective, having been willfully denied their full tips by Defendants pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b).

52. Plaintiff and the members of the FLSA Collective have been similarly affected by the tip retention violations of Defendants in one or more workweeks during the relevant time

[7] Plaintiff reserves the right to amend and refine the definition of to whom he seeks to have provided with Court-authorized notice based upon further investigation and discovery.

period, which amount to a single decision, policy, or plan to willfully and unlawfully retain earned wages.

53. Plaintiff Stupka and the members of the FLSA Collective are similarly situated because, among other reasons, Plaintiff Stupka, as well as the members of the FLSA Collective, are owed tips from working for Defendants and for Defendants' benefit for which they were not paid.

54. Plaintiff and the members of the FLSA Collective have been damaged by Defendants' willful refusal to pay wages for tips earned and owed. As a result of Defendants' willful FLSA violations, Plaintiff Stupka and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages in the form of tips, liquidated damages, costs, and attorneys' fees.

55. Throughout his employment with Defendants, Plaintiff was subjected to the same payroll and unlawful tip retention policies and practices by Defendants that the members of the FLSA Collective were subjected to.

56. Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

57. Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

58. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

59. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of statutory tips.

60. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, customer tip records, and/or employee and personnel records of Defendants that Defendants were required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately one hundred or more persons.

## OHIO CLASS ACTION ALLEGATIONS
## (As to COUNTS TWO, THREE, and FOUR)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a group of employees of Defendants who assert claims under O.R.C. §§ 4113.15, 2307.60, as well as Ohio common law unjust enrichment (referred to herein as the "State Law Class"), defined as:

> **All current and former employees of Defendants during the period of six years preceding the commencement of this action to the present who were not paid the full amount of all tips.**[8]

63. There are questions of law or fact common to the State Law Class, including but not limited to:

> Whether Defendants denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, Defendants unlawfully retained tips that were the rightful property of the employees;
>
> Whether Defendants' denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to liquidated, exemplary, punitive, and/or other damages pursuant to the FLSA, O.R.C. § 2307.60, O.R.C. § 4113.15, and/or common law unjust enrichment, as applicable; and
>
> What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendants' failure to pay all compensation, including the full amount of all tips earned, when the wages were required to be paid.

64. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other State Law Class members.

65. The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

---

[8] The applicable statute of limitations under O.R.C. § 2307.60 and Ohio common law unjust enrichment is six (6) years, and the applicable statute of limitations under O.R.C. § 4113.15 is two (2) years.

66. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other State Law Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

67. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

68. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Unlawful Retention of Tips in Violation of the FLSA)**
***On Behalf of Plaintiff Stupka and other Plaintiffs who Join this Action (the FLSA Collective Members) Pursuant to 29 U.S.C. § 216(b)***

69. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70. Plaintiff brings this claim for violation of the FLSA's provisions on behalf of himself and FLSA Collective members, as previously defined.

71. The FLSA mandates that all tips received by employees are the property of employees and expressly prohibits an employer from keeping any portion of an employee's tips *for any purpose*. 29 U.S.C. § 203(m)(2)(B).

72. Plaintiff and members of the FLSA Collective should have been paid the full amount of all tips they received from customers.

73. Defendants did not pay the full amount of tips received to Plaintiff and the members of the FLSA Collective. Instead, Defendants unlawfully retained a portion, or all, of the tips.

74. Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of unlawfully retaining employee tips. Defendants' deliberate failure to pay all tips to Plaintiff and to the members of the FLSA Collective was neither reasonable, nor was the decision made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

75. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive the full amount of tips due to them pursuant to the FLSA. Under 29 U.S.C. § 216(b), this entitles Plaintiff and the members of the FLSA Collective to "all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Semimonthly Timely Wage Payment Violations)**
***On Behalf of Plaintiff Stupka***
***and the State Law Class Members***

76. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

77. The Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

78. Plaintiff and the members of the State Law Class have been employed by Defendants.

79. At all times relevant, Defendants were an entity covered by the OPPA, and Plaintiff and the members of the State Law Class have been employed by Defendants within the meaning of the OPPA.

80. The OPPA requires Defendants to pay Plaintiff and the members of the State Law Class all wages on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

81. As outlined above, Defendants did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the State Law Class on or before the first day of each month, the wages – including tips – earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

82. As a result, Plaintiff's and the members of the State Law Class's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

83. Defendants' violations of the OPPA, O.R.C. § 4113.15, injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

84. Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the State Law Class all wages owed in a timely fashion as required by Ohio law. Defendants' deliberate failure to timely pay all compensation owed to Named Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendants violated Ohio law and regulations that have the force of law.

85. As a result of Defendants' violation of the OPPA, Plaintiff and the members of the State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15 for each workweek in which they were not timely paid by the statutory deadline required by the OPPA, including six percent of the amount of the unpaid wages or two hundred dollars, whichever is greater.

## COUNT THREE
**(Civil Action for Damages for Criminal Acts)**
***On Behalf of Plaintiff Stupka***
***and the State Law Class Members***

86. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87. Plaintiff brings this claim pursuant to Ohio's statute providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of himself and the members of the State Law Class, for the period of six (6) years preceding the commencement of this action to the present.

88. At all times relevant, Defendants were an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Plaintiff and the members of the State Law Class have been employed by Defendants within the meaning of the FLSA.

89. Defendants' failure to pay Plaintiff and the members of the State Law Class the full amount of all tips they received, and Defendants' retention of such tips, was a willful violation of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), 216(b).

90. By their acts and omissions described in this Complaint, Defendants have willfully[9] violated the FLSA, and Plaintiff and the members of the State Law Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

91. Defendants' willful violations of federal law injured Plaintiff and the members of the State Law Class in that they did not receive the full amount of their earned tips, which constitute wages due to them pursuant to these statutory and/or other laws and regulations.

92. As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the State Law Class are entitled to exemplary and punitive damages pursuant to O.R.C. § 2307.60.

**COUNT FOUR**
**(Unjust Enrichment)**
***On Behalf of Plaintiff Stupka***
***and the State Law Class Members***

[9] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

93. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

94. Plaintiff brings this claim on behalf of himself and the State Law Class as a result of Defendants benefitting from the labor of Plaintiff and the State Law Class while unlawfully retaining for themselves tips that were the rightful property of the employees, under Ohio unjust enrichment common law, for the period of six (6) years preceding the commencement of this action to the present.

95. As hereinabove alleged, Plaintiff and the State Law Class Members conferred a benefit upon Defendants in that Defendants received a direct monetary benefit by unlawfully retaining tips that Plaintiff and the State Law Class were entitled to receive.

96. Defendants knew that they retained this monetary benefit – in the form of customer tips – to the detriment of Plaintiff and the State Law Class, but nevertheless failed to remit the full amount of tips earned.

97. Defendants have been unjustly enriched at the expense of Plaintiff and the State Law Class by the retention of tips that were earned by and rightfully belong to Plaintiff and the State Law Class. Defendants were unjustly enriched in that they received the benefit of the employees' labor, which generated customer tips, and then inequitably retained a portion of those tips without any lawful basis.

98. Allowing Defendants to retain the benefits provided by Plaintiff and the State Law Class – the full value of their services for which customers provided tips – under the circumstances presented as outlined above, is demonstrably unjust. Defendants have retained the benefit of Plaintiff's and the State Law Class's services without fully compensating them as

intended by customers and as required by law, under circumstances in which it would be unjust and unconscionable to permit Defendants to do so.

99. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to the full monetary value of all tips unlawfully retained by Defendants. As a result of Defendants having been unjustly enriched, Plaintiff and the State Law Class are entitled to compensation for the value of the benefit they conferred on Defendants.

100. Having injured Plaintiff and the State Law Class, Defendants are liable to Plaintiff and the State Law Class in the full amount of wages and tips that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendants' employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the FLSA Collective and the State Law Class, respectfully prays that this Honorable Court:

A. Promptly order Defendants to provide all relevant policies and procedures regarding compensation, as well as all payroll, tip, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendants to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Promptly issue Court-approved notice to similarly-situated persons informing them of this action, their ability to opt-in and become part of the FLSA Collective, and enabling them to opt in;

D. Toll the statute of limitations, *freely*, for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendants, *jointly and severally*, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendants' activities, as alleged herein, violate the FLSA and Ohio law and enjoining Defendants from continuing to violate the FLSA and Ohio law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid tips, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by Ohio law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiff and other members of the State Law Class to in an amount equal to six percent of the amount of the unpaid wages still unpaid or two hundred dollars per State Law Class member for each workweek, whichever is greater;

I. Award exemplary and punitive damages under O.R.C. § 2307.60 to Plaintiff and members of the State Law Class;

J. Award monetary relief to Plaintiff and the State Law Class in an amount sufficient to divest Defendants of the amounts gained by their unjust enrichment;

K. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

L. Award Plaintiff, and the members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

M. Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*

Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221 F: (440) 846-1625
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff, FLSA Collective Action Plaintiffs, and proposed Fed. R. Civ. P. 23 Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)